RECEIVED

SEP 19 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 3:04-CR-30052 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ROBERT SLEDGE | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Speedy Trial [Doc. No. 31]. For the following reasons, Defendant's motion is GRANTED IN PART, and the indictment is DISMISSED WITHOUT PREJUDICE.

### FACTS AND PROCEDURAL HISTORY

The Government contends that on or about December 1, 2004, in the Western District of Louisiana, Defendant Robert Sledge ("Sledge") knowingly possessed with the intent to distribute 500 grams or more of powder cocaine. On December 1, 2004, Sledge was arrested on the basis of a federal criminal complaint. He made an initial appearance before Magistrate Judge Karen L. Hayes the following day, December 2, 2004. A timely indictment was returned against Sledge on December 15, 2004. On December 21, 2004, Magistrate Judge Hayes conducted a detention hearing and, at the conclusion of the hearing, ordered that Sledge be detained pending trial.

On January 28, 2005, Sledge filed discovery motions and a motion to extend time to file motions pending for 11 days. On February 11, 2005, Sledge also filed a Motion to Suppress.

On February 16, 2005, Magistrate Judge Hayes conducted a pretrial conference in which counsel for all parties participated. Trial was continued to be re-set following the hearing on the

Motion to Suppress.

On March 14, 2005, a hearing was held on the Motion to Suppress, and the motion was taken under advisement by Magistrate Judge Hayes. On March 29, 2005, Magistrate Judge Hayes issued a Report and Recommendation, recommending that the Motion to Suppress be denied. On May 9, 2005, after considering the objection to the Report and Recommendation, this Court denied the Motion to Suppress. The Motion to Suppress was pending a total of 88 days until final decision by this Court.

On September 9, 2005, no further action having been taken, Sledge filed the pending Motion to Dismiss seeking dismissal of the indictment against him with prejudice. On September 14, 2005, the Government filed a response.

## LAW AND ANALYSIS

The Speedy Trial Act requires that a defendant who pleads not guilty must be tried within seventy days from either the filing of the indictment or information, or from the defendant's first appearance before a judicial officer of the Court in which charges are pending, whichever is later. 18 U.S.C. § 3161(c)(1). However, the Act provides for a number of exclusions--time that is not charged against the seventy-day clock. *See* 18 U.S.C. § 3161(h); *United States v. Williams*, 12 F.3d 452, 459 (5th Cir. 1994). One such exclusion is the filing and disposition by the Court of pretrial motions. 18 U.S.C. § 3161 (h)(1)(F).

If the Act is violated, the indictment must be dismissed, but it is the Defendant's burden to demonstrate that a violation of the Act has occurred. 18 U.S.C. § 3162(a)(2). The question of whether the dismissal is to be with or without prejudice is within the Court's discretion based on a consideration of three specific, but non-exclusive, factors:

(1) the seriousness of the offense,

(2) the facts and circumstances of the case which led to the dismissal, and

(3) the impact of a reprosecution on the administration of the Speedy Trial Act and of justice.

See 18 U.S.C. § 3162(a)(1)-(a)(2).

Here, the delay began to run on December 15, 2004, the date of Sledge's indictment. *United States v. Neal*, 27 F.3d 1035, 1041 (5th Cir. 1994) (citing *United States v. Welch*, 810 F.2d 485, 488 n. 1 (5th Cir. 1987)). After substracting the excludable delays, a total of 176 days have passed since Sledge's indictment. It is clear that Sledge's indictment must be dismissed, but the Court must consider whether the dismissal should be with or without prejudice.

After careful consideration of the statutory factors, the Court finds that the dismissal should be without prejudice. Sledge is charged with violation of a serious drug offense carrying a **mandatory minimum** sentence of five years. The powder cocaine for which he was charged was found in his car after a traffic stop.

While the Government certainly has a duty to commence trials in a timely fashion, in this instance, there were circumstances mitigating the delay. The Court ruled on the Motion to Suppress in May, but, according to the Government, neither the Government nor Sledge's counsel received notice. In fact, the Government's counsel contacted Sledge's counsel in July in an attempt to negotiate a plea agreement, but Sledge's counsel wished to wait until a final decision on the Motion to Suppress had been made. When the Government's counsel contacted Sledge's counsel a second time in August 2005 and was again told that counsel wished to await a final decision, the Government's counsel then contacted Chambers. After speaking with Court personnel, the Government learned that the Court had issued a ruling in May. The Government's

counsel notified Sledge's counsel, re-urged the need for plea negotiations, and subsequently forwarded a Rule 11 package to Sledge's counsel. Sledge did not seek dismissal of the indictment against him until plea negotiations failed. These facts do not excuse the Government's failure to request a trial date, but they do mitigate against a dismissal with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Speedy Trial Act [Doc. No. 31] is GRANTED IN PART and DENIED IN PART. To the extent that Sledge seeks dismissal of the indictment against him, his motion is GRANTED, and he is ORDERED to be released from custody. However, the indictment is DISMISSED WITHOUT PREJUDICE to the right of the Government to seek another indictment.

Monroe, Louisiana, this __16__ day of __September__, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE